GARY M. RESTAINO
United States Attorney
District of Arizona
GAYLE L. HELART
Assistant U.S. Attorney
California State Bar No. 151861
LEIGHANN M. THOMAS
Assistant U.S. Attorney
Illinois State Bar No. 6327687
Two Renaissance Square
40 N. Central Avenue, Suite 1200
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500
Email: gayle.helart@usdoj.gov
Email: LeighAnn.Thomas@usdoj.gov
Attorneys for Plaintiff

FILED ___ / LODGED
___ / ___IVED ___ COPY
JUL 2 8 2022
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>Sterling Joseph Raveling,<br><br>　　　　　Defendant. | NO:　CR-22-00932-PHX-JAT<br><br>**PLEA AGREEMENT** |

Plaintiff, United States of America, and the defendant, STERLING JOSEPH RAVELING, hereby agree to dispose of this matter on the following terms and conditions:

1. **PLEA**

The defendant will plead guilty to the single count in the Information charging the defendant with a violation of 18 United States Code (U.S.C.) §§ 2252(a)(4)(B), 2252(b)(2), and 2256, Possession of Child Pornography, a Class C felony offense.

2. **MAXIMUM PENALTIES**

　　a.　A violation of 18 U.S.C. §§ 2252(a)(4)(B), 2252(b)(2), and 2256 is punishable by a maximum fine of $250,000, a term of imprisonment of between 0-20 years, or both, and imposition of a lifetime term of supervised release. The minimum possible term of supervised release is five years.

b. According to the Sentencing Guidelines issued pursuant to the Sentencing Reform Act of 1984, the Court shall order the defendant to:

(1) make restitution to any victim of the offense pursuant to 18 U.S.C. § 3663 and/or 3663A, unless the Court determines that restitution would not be appropriate;

(2) pay a fine pursuant to 18 U.S.C. § 3572, unless the Court finds that a fine is not appropriate;

(3) serve a term of supervised release when required by statute or when a sentence of imprisonment of more than one year is imposed (with the understanding that the Court may impose a term of supervised release in all other cases); and

(4) pay upon conviction a $100 special assessment for the count to which the defendant pleads guilty pursuant to 18 U.S.C. § 3013(a)(2)(A); and

(5) pay upon conviction a $5,000 special assessment 18 U.S.C. § 3014(a) unless the Court makes a finding that the defendant is indigent.

c. The Court is required to consider the Sentencing Guidelines in determining the defendant's sentence. However, the Sentencing Guidelines are advisory, and the Court is free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crime(s) of conviction, unless there are stipulations to the contrary that the Court accepts.

d. The defendant acknowledges that pleading guilty to this offense will require him to register as a sex offender under the Sex Offender Registration and Notification Act, 42 U.S.C. § 16911, et seq. The defendant recognizes that failure to comply with the sex offender registration laws of any state, federal, or tribal jurisdiction to which he is subject can result in him being charged with a new state or federal criminal offense punishable by imprisonment or a fine, or both.

3. **AGREEMENTS REGARDING SENTENCING**

a. Stipulation: Range of Potential Sentence. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant stipulate that the defendant's sentence shall

1 be no less than 48 months of imprisonment and no greater than the low end of the advisory guidelines range determined by this Court.

  b.  Stipulation: Supervised Release. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant stipulate that, upon release from imprisonment, the defendant shall be placed on supervised release. The government may argue that the term of supervised released should be for life. The defendant may argue for any term, even as low as five years, the minimum mandatory term pursuant to 18 U.S.C. § 3583(k).

  c.  Stipulation: Psychosexual Assessment. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant stipulate that, in accordance with 18 U.S.C. § 3552(b), the defendant shall submit to a psychosexual assessment prior to sentencing in this case. The evaluation shall include, but may not be limited to, physiological testing, including the use of a polygraph. The examiner shall be an approved provider as determined by the United States Probation Department. The defendant agrees to contribute to the cost of this assessment in an amount to be determined by the Probation Department after the Probation Department has reviewed all financial and other information obtained in connection with the presentence investigation in this case. All reports and information from the assessment shall be released to the Probation Department. The parties stipulate and agree that any statements obtained from the defendant in connection with the examination shall not be used in the instant prosecution or any subsequent federal prosecution of the defendant in the District of Arizona. However, any statements by the defendant and all information in the report may be used and considered by the parties, and the Court, as an aid in fashioning the appropriate sentence for the defendant.

  d.  Recommendation: Acceptance of Responsibility. If the defendant makes full and complete disclosure to the U.S. Probation Office of the circumstances surrounding the defendant's commission of the offense, and if the defendant demonstrates an acceptance of responsibility for this offense up to and including the time of sentencing, the United States will recommend a two-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(a). If the defendant has an offense level of 16 or more, the United

States will move for an additional one-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(b).

e. Non-Binding Recommendations. The defendant understands that recommendations are not binding on the Court. The defendant further understands that the defendant will not be permitted to withdraw the guilty plea if the Court does not follow a recommendation.

f. Stipulation: Restitution. Pursuant to 18 U.S.C. § 2259, the United States and the defendant stipulate to the entry of a Restitution Order in the amount of $3,000.00 for each victim who is depicted in any image or video referenced in the count(s) of conviction who submits a claim for restitution. The defendant agrees that his criminal conduct in the present prosecution is the proximate cause of a portion of the injuries suffered by the aforementioned victim(s) and, as such, the stipulated award is reasonable and justified. The defendant understands that such restitution will be included in the Court's Order of Judgment. The defendant further agrees that he will not seek the discharge of any restitution obligation, in whole or in part, in any present or future bankruptcy proceeding.

g. Assets and Financial Responsibility. The defendant shall make a full accounting of all assets in which the defendant has any legal or equitable interest. The defendant shall not (and shall not aid or abet any other party to) sell, hide, waste, spend, or transfer any such assets or property before sentencing, without the prior approval of the United States (provided, however, that no prior approval will be required for routine, day-to-day expenditures). The defendant also expressly authorizes the United States Attorney's Office to immediately obtain a credit report as to the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court. The defendant also shall make full disclosure of all current and projected assets to the U.S. Probation Office immediately and prior to the termination of the defendant's supervised release or probation, such disclosures to be shared with the U.S. Attorney's Office, including the Financial Litigation Unit, for any purpose. Finally, the defendant shall participate in the Inmate Financial Responsibility Program to fulfill all financial obligations due and owing under this

agreement and the law.

4. **AGREEMENT TO DISMISS OR NOT TO PROSECUTE**

   a. The United States shall not prosecute the defendant for any additional offenses committed by the defendant, and currently known by the United States, from the facts determined in the current investigation. The defendant understands, however, that the Court will take into account all the facts learned in the current investigation, including those that would support relevant conduct.

   b. This agreement does not, in any manner, restrict the actions of the United States in any other district or bind any other United States Attorney's Office.

5. **COURT APPROVAL REQUIRED; REINSTITUTION OF PROSECUTION**

   a. If the Court, after reviewing this plea agreement, concludes that any provision contained herein is inappropriate, it may reject the plea agreement and give the defendant the opportunity to withdraw the guilty plea in accordance with Fed. R. Crim. P. 11(c)(5).

   b. If the defendant's guilty plea or plea agreement is rejected, withdrawn, vacated, or reversed at any time, this agreement shall be null and void, the United States shall be free to prosecute the defendant for all crimes of which it then has knowledge and any charges that have been dismissed because of this plea agreement shall automatically be reinstated. In such event, the defendant waives any and all objections, motions, and defenses based upon the Statute of Limitations, the Speedy Trial Act, or constitutional restrictions in bringing later charges or proceedings. The defendant understands that any statements made at the time of the defendant's change of plea or sentencing may be used against the defendant in any subsequent hearing, trial, or proceeding subject to the limitations of Fed. R. Evid. 410.

6. **WAIVER OF DEFENSES AND APPEAL RIGHTS**

   The defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment or information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentence, including the manner in which the sentence is

determined, including but not limited to any appeals under 18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and 2255 (habeas petitions), and any right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c), except for the right to file a compassionate release motion under 18 U.S.C. § 3582(c)(1)(A) and to appeal the denial of such a motion.

This waiver shall result in the dismissal of any appeal, collateral attack, or other motion the defendant might file challenging the conviction, order of restitution or forfeiture, or sentence in this case. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

7. **DISCLOSURE OF INFORMATION**

    a. The United States retains the unrestricted right to provide information and make any and all statements it deems appropriate to the U.S. Probation Office and to the Court in connection with the case.

    b. Any information, statements, documents, and evidence that the defendant provides to the United States pursuant to this agreement may be used against the defendant at any time.

    c. The defendant shall cooperate fully with the U.S. Probation Office. Such cooperation shall include providing complete and truthful responses to questions posed by the U.S. Probation Office including, but not limited to, questions relating to:

        (1) criminal convictions, history of drug abuse, and mental illness; and

        (2) financial information, including present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

//
//
//
//

8. **FORFEITURE, CIVIL, AND ADMINISTRATIVE PROCEEDINGS**

## FORFEITURE - CRIMINAL, CIVIL, AND ADMINISTRATIVE PROCEEDINGS

Nothing in this agreement shall be construed to protect the defendant from administrative or civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture. Pursuant to 18 U.S.C. § 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment, shall be subject to immediate enforcement by the United States, and shall be submitted to the Treasury Offset Program so that any federal payment or transfer of returned property the defendant receives may be offset and applied to federal debts (which offset will not affect the periodic payment schedule). If the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

The defendant agrees to forfeit, and hereby forfeits, all interest in any asset that the defendant owns or over which the defendant exercises control, directly or indirectly, as well as any property that is traceable to, derived from, fungible with, or a substitute for property that constitutes the proceeds of his offense, or which was used to facilitate the commission of his offense, including, but not limited to, the following property: an Apple Laptop s/n CO2LJMB3FD5 and an Apple iPad s/n DMPQTIHSFLMK. The defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant further understands and agrees that forfeiture of the assets is appropriate and in accordance with the applicable forfeiture statutes, which may include Title 8 U.S.C. § 1324(b), Title 18 U.S.C. §§ 924(d), 981, 982 and 2253, Title 21 U.S.C. §§ 853 and 881, and Title 28 U.S.C. § 2461(c).

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine,

restitution, cost of imprisonment, or any other penalty this court may impose upon the defendant in addition to forfeiture. This agreement does not preclude the United States from instituting any civil or administrative forfeiture proceedings as may be appropriate now or in the future.

The defendant agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, double jeopardy or any other means) to any forfeiture imposed as a result of this indictment or any pending or completed administrative or civil forfeiture actions based upon the course of conduct that provides the factual basis for the forfeiture, including that the forfeiture constitutes an excessive fine or punishment. The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. Defendant acknowledges that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct, property facilitating illegal conduct, and substitute assets for property otherwise subject to forfeiture, and that no other person or entity has a legitimate claim to these items listed.

The defendant agrees not to file a claim to any of the listed property in any civil proceeding, administrative or judicial, which may be initiated. The defendant further agrees that he/she will not contest civil, administrative or judicial forfeiture of the listed property. The defendant agrees to waive his right to notice of any forfeiture proceeding involving this property, and agrees not to file a claim or assist others in filing a claim in that forfeiture proceeding.

The government reserves its right to proceed against any remaining assets not identified either in this agreement or in any civil actions which are being resolved along with this plea of guilty, including any property in which the defendant has any interest or control, if said assets, real or personal, tangible or intangible were involved in the offense(s).

The defendant hereby waives, and agrees to hold the government and its agents and employees harmless from any and all claims whatsoever in connection with the seizure,

forfeiture, and disposal of the property described above. Without limitation, the defendant understands and agrees that by virtue of this plea of guilty, the defendant will waive any rights or cause of action that the defendant might otherwise have had to claim that he/she is a "substantially prevailing party" for the purpose of recovery of attorney fees and other litigation costs in any related civil forfeiture proceeding pursuant to 28 U.S.C. § 2465(b)(1).

## 9. ELEMENTS

### Possession of Child Pornography

Between on or about September 23, 2019 through January 28, 2020, in the District of Arizona:

1. The defendant knowingly possessed matter that the defendant knew contained a visual depiction of a minor engaged in sexually explicit conduct;

2. The defendant knew the visual depiction contained in the matter showed a minor engaged in sexually explicit conduct;

3. The defendant knew that the production of each visual depiction involved the use of a minor in sexually explicit conduct; and

4. Each visual depiction had been transported in interstate or foreign commerce, or produced using material that had been transported in interstate or foreign commerce, whether by computer or other means.

## 10. FACTUAL BASIS

a. The defendant admits that the following facts are true and that if this matter were to proceed to trial the United States could prove the following facts beyond a reasonable doubt:

b. Between on or about September 23, 2019 to January 28, 2020, I, STERLING JOSEPH RAVELING, knowingly possessed child pornography that I stored on the five following items which I own and/or possessed: (i) a Google Account associated with email account sjrmanny@gmail.com; (ii) a Dropbox Account associated with email account sjrmanny@gmail.com; (iii) a Mega Account associated with email account

sjrmanny@gmail.com; (iv) an Apple Laptop s/n CO2LJMB3FD57; and (v) an Apple iPad s/n DMPQTIHSFLMK.

    c.    From the investigation materials, I know specifically that, on or about September 23, 2019, Google, Inc., a company that provides electronic storage is a service accessed by customers, including me, in multiple states to store electronic data. Google sent a referral to the National Center for Missing and Exploited Children for my account associated with my email sjrmanny@gmail.com. The referral by Google included 30 files of suspected child pornography, some of which I had uploaded to my account. This information led the FBI to determine that my Google account was accessed by an IP addressed 2600:8800:6780:43. A relative of mine was the subscriber for Cox Communications, where the IP address was associated. I am aware that Cox Communications is a multistate company that provides internet, telephone, and telephone services to customers in several states including Arizona.

    d.    In addition, the FBI obtained a search warrant for my residence and my person on E. Culver Street, Scottsdale, Arizona, in the District of Arizona. The search warrant was executed on January 28, 2020. I was contacted and advised of my *Miranda* rights. I admitted to using the sjrmanny@gmail.com account on Google.

    e.    I also know through the investigative reports that the FBI obtained search warrants for the entirety of my Google account associated with my email sjrmanny@gmail.com (issued and served January 8, 2020); a Dropbox account associated with my email sjrmanny@gmail.com (issued and served March 17, 2020); and a Mega Account associated with email account sjrmanny@gmail.com (issued and served February 28, 2020). In addition, the FBI seized an Apple Laptop s/n CO2LJMB3FD57; and an Apple iPad s/n DMPQTIHSFLMK which belonged to, and were exclusively used by me. All five of these accounts and devices contained child pornography.

    f.    The Information lists examples of these image and video files that meet the definition of federal child pornography under 18 U.S.C. § 2256. Three can be described as follows:

**PTHC Pedo NEW Childporn Private Daughter Torpedo Ranchi Lolita - Melinda_1282763679l5_onionib.jpg:** This is a color image depicting a prepubescent minor female who is wearing a red Christmas colored dress. The dress is pulled up around her waist and her legs are spread. She is not wearing any clothing below her waist and her genitalia is exposed. She has an adult male penis in her mouth and is touching the penis with her hands. Based on size and appearance, and lack of genitalia development, the minor in this image appears to be under the age of six.

**fc509a67-128f-474a-9864-d2568b539d3f.mp4:** This is a color video that is 1:30 in length and has sound. It depicts a nude girl, not older than 10, on her hands and knees on a bed. A nude adult male is standing behind her and penetrating her with his penis. The child makes audible noises in the video, indicating that she is in pain. The adult male says things like, "That's how you fuck a butt" and "I'm going to cum in your butt". The girl is under age 10 and the video is part of a known series identified as "Tara".

**249675d27cab8191f33fbbcfc5e4fa38c485c277_files_partial-afu.zip_embedded_3226.png:** This is a color image depicting a nude girl, under the age of 10. She is lying on her back and her hands are holding her legs which are spread apart, exposing her nude genitalia. The words "FUCK ME" with an arrow pointing toward her genitalia are written on her abdomen.

g. The investigation of my accounts and devices showed that my collection contained approximately 508 images (unique, with more as back up copies), and 241 videos of child pornography files. My files included materials that were under age 12, toddlers, and violent depictions.

h. The defendant shall swear under oath to the accuracy of this statement and, if the defendant should be called upon to testify about this matter in the future, any intentional material inconsistencies in the defendant's testimony may subject the defendant to additional penalties for perjury or false swearing, which may be enforced by the United States under this agreement.

## APPROVAL AND ACCEPTANCE OF THE DEFENDANT

I have read every part of this agreement and I have carefully reviewed every part of it with my attorney. I understand it and I voluntarily agree to it.

1    I have discussed the case and my constitutional and other rights with my attorney. I
2 understand that by entering my plea of guilty I shall waive my rights to plead not guilty, to
3 trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present
4 evidence in my defense, to remain silent and refuse to be a witness against myself by asserting
5 my privilege against self-incrimination, all with the assistance of counsel, and to be presumed
6 innocent until proven guilty beyond a reasonable doubt.
7    I agree to enter my guilty plea as indicated above on the terms and conditions set forth
8 in this agreement.
9    I have been advised by my attorney of the nature of the charges to which I am entering
10 my guilty plea. I have further been advised by my attorney of the nature and range of the
11 possible sentence and that my ultimate sentence shall be determined by the Court after
12 consideration of the advisory Sentencing Guidelines.
13    My guilty plea is not the result of force, threats, assurances, or promises, other than the
14 promises contained in this agreement. I voluntarily agree to the provisions of this agreement
15 and I agree to be bound according to its provisions.
16    I understand that if I am granted probation or placed on supervised release by the Court,
17 the terms and conditions of such probation/supervised release are subject to modification at
18 any time. I further understand that if I violate any of the conditions of my probation/supervised
19 release, my probation/supervised release may be revoked and upon such revocation,
20 notwithstanding any other provision of this agreement, I may be required to serve a term of
21 imprisonment or my sentence otherwise may be altered.
22    This written plea agreement, and any written addenda filed as attachments to this plea
23 agreement, contain all the terms and conditions of the plea. Any additional agreements, if any
24 such agreements exist, shall be recorded in a separate document and may be filed with the
25 Court under seal; accordingly, additional agreements, if any, may not be in the public record.
26    I further agree that promises, including any predictions as to the Sentencing Guideline
27 range or to any Sentencing Guideline factors that will apply, made by anyone (including my
28

attorney) that are not contained within this written plea agreement, are null and void and have no force and effect.

I am satisfied that my defense attorney has represented me in a competent manner.

I fully understand the terms and conditions of this plea agreement. I am not now using or under the influence of any drug, medication, liquor, or other intoxicant or depressant that would impair my ability to fully understand the terms and conditions of this plea agreement.

Date 6/7/22

STERLING JOSEPH RAVELING
Defendant

### APPROVAL OF DEFENSE COUNSEL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible. I have further discussed the concept of the advisory Sentencing Guidelines with the defendant. No assurances, promises, or representations have been given to me or to the defendant by the United States or any of its representatives that are not contained in this written agreement. I concur in the entry of the plea as indicated above and that the terms and conditions set forth in this agreement are in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

Date 6/7/22

MELANIE M. LABOY
Attorney for Defendant

### APPROVAL OF THE UNITED STATES

1     I have reviewed this matter and the plea agreement. I agree on behalf of the United States
2 that the terms and conditions set forth herein are appropriate and are in the best interests of
3 justice.

                                  GARY M. RESTAINO
                                  United States Attorney
                                  District of Arizona

                                  GAYLE HELART   Digitally signed by GAYLE HELART
                                  Date: 2022.06.24 07:04:54 -07'00'

_____    _____
Date                                   GAYLE L. HELART
                                  LEIGHANN M. THOMAS
                                  Assistant U.S. Attorneys

## ACCEPTANCE BY THE COURT

_____    _____
Date                                   HONORABLE
                                  United States District Judge